Niels W. Frenzen (CA 139064)
nfrenzen@law.usc.edu
Jean E. Reisz (CA 242957)
jreisz@law.usc.edu
USC Gould School of Law, Immigration Clinic
699 Exposition Blvd.
Los Angeles, CA 90089-0071
213-740-8933; 213-821-3108

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Julio PENA CAMACHO; Rufino LIGARIO HERNANDEZ; Martin MARTINEZ AMBRIZ; Walter OPORTO MUNOZ; Karla PEREZ DAVILA; Leticia PICAZO ORTIZ; Sergio POOT; Luis TRUJILLO PEREZ; Jose ARTEAGA NAJERA; Myriam ROA RESTREPO,<br><br>Petitioners,<br><br>v.<br><br>Kristi NOEM, Secretary, U.S. Department of Homeland Security; Pamela BONDI, U.S. Attorney General; Todd LYONS, Acting Director, Immigration and Customs Enforcement; Ernesto SANTACRUZ JR., Acting Director, Los Angeles Field Office, Immigration and Customs Enforcement, Enforcement and Removal Operations; Fereti SEMAIA, Warden, Adelanto ICE Processing Center; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | Case No. 5:25-CV-03392-HDV-PD<br><br>**PETITIONERS' STATUS REPORT AND NEW EX PARTE APPLICATION ON BEHALF OF PETITIONER JULIO PENA CAMACHO FOR TEMPORARY RESTRAINING ORDER; MEMO IN SUPPORT THEREOF** |

**STATUS REPORT AND NEW EX PARTE APPLICATION ON BEHALF OF PETITIONER JULIO PENA CAMACHO**

Petitioners submit this status report on behalf of all Petitioners and ex parte application on behalf of Petitioner Julio Pena Camacho for a temporary restraining order (TRO) that orders Respondents to 1) immediately identify the location where Petitioner Pena Camacho is being detained, 2) allow and facilitate communication between Petitioner Pena Camacho and his attorneys and family members, including confidential communications with his attorneys, and 3) release Petitioner Pena Camacho or provide him with a bond hearing.

**STATUS REPORT AND MEMORANDUM**

On December 15, 2025, the Court issued an order in this matter requiring the parties to meet and confer regarding a stipulation to set individualized bond hearings for Petitioners within seven days. Dkt. 7. On that same day counsel for Petitioners proposed a stipulation by email to Respondent's counsel. *See* Exhibit A, Declaration of Attorney Niels Frenzen, (Frenzen Decl.), ¶ 2. On the morning of today, December 17, 2025, counsel for Petitioners sent an email inquiring about the proposed stipulation, having not received a response. *Id.,* ¶ 3. On the afternoon of December 17, counsel for Respondents responded that Respondents are unwilling to enter any stipulation and will file a response pursuant to the Court's order, Dkt. 7, requiring a response by December 22 if no stipulation is reached. *Id.*

Counsel for Petitioners asked counsel for Respondents for information

1

regarding Petitioner Julio Pena Camacho's location.  Counsel for Respondents stated she was not able to provide any information and directed counsel for Petitioners to ICE's public general information email addresses.  *Id.*, ¶ 4.  The Court has ordered Respondents to address counsel for Petitioners' concerns about the inability to locate Petitioner Pena Camacho.  Dkt. 7.

Petitioner Pena Camacho's immigration attorneys made multiple attempts to communicate with Respondents through all available channels including Petitioner Pena Camacho's Deportation Officer, and the GEO Facility Medical Unit.  *See* Exhibit B, Declaration of Attorney Viridiana Chabolla Mendoza (Chabolla Mendoza Decl.), ¶¶ 3-5.  Respondents have refused to respond to request for information or disclose Petitioner Pena Camacho's location.  *Id.* ¶¶ 3-5.

Petitioner Pena Camacho's physical and mental health is deteriorating.  *Id.* ¶¶ 6-8. Beginning on Saturday, December 13, 2025, Petitioner Pena Camacho contacted his wife and informed her since his arrest by immigration officers he is hospitalized, had a mini stroke, is receiving dialysis daily, will be kept at a hospital, and he is tied to a hospital bed by his left arm where he receives the dialysis.  *Id.* Petitioner Pena Camacho has told his wife he is forbidden from telling her where he is located.  *Id.* ¶ 8.  Petitioner Pena Camacho informed his wife that agents are always present with him, that when he calls her he is on speaker phone and agents are writing down what he is saying.  *Id.* ¶ 8.

Given Respondents' position that Petitioner Pena Camacho's location cannot

be disclosed and given Petitioner Pena Camacho's severe medical condition, Petitioners cannot wait until Respondents file their response by December 22 to learn the location of Petitioner Pena Camacho, to have privileged legal communications with him, or to advocate on his behalf regarding medical care.

The requirements for granting a Temporary Restraining Order are "substantially identical" to those for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Petitioners must demonstrate that (1) they are likely to succeed on the merits of their claims; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). A sliding scale test may be applied and an injunction should be issued when there is a stronger showing on the balance of hardships, even if there are "serious questions on the merits … so long as the plaintiff also shows a likelihood of irreparable harm and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); see also *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024). Petitioners satisfy the criteria and a TRO should be granted.

Petitioner Pena Camacho is likely to prevail on the merits and is suffering ongoing irreparable injury. See *Helal v. Janecka et al.*, 5:25-cv-02650-HDV-JC (C.D. Cal. Oct. 24, 2025) [Dkt. 12] and *Zaragoza et al. v. Noem* et al., 5:25-cv-

02925-HDV-PVC (C.D. Cal. Nov. 7, 2025) [Dkt. 8] (finding in favor of Petitioners on the same issues). In the absence of a TRO, Petitioner Pena Camacho will continue to be unlawfully detained in an undisclosed location by Respondents pursuant to § 1225(b)(2), without access to counsel, and denied a bond hearing before an IJ.

Pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure, Petitioners, on behalf of Petitioner Pena Camacho, hereby move the Court for emergency relief in the form of:

1) an order that Respondents immediately identify the location where Petitioner Pena Camacho is being detained;

2) an order that Respondents allow and facilitate communication between Petitioner Pena Camacho and his attorneys and family members, including confidential communications with his attorneys; and

3) an order that Petitioner Pena Camacho be immediately released or provided a bond hearing.

This status report and application is supported by the memorandum, accompanying exhibits, as well as any additional submissions that may be considered by the Court.

///

///

///

Respondents oppose this TRO Application.

Dated: December 17, 2025                    Respectfully submitted,

                                            s/ Jean Reisz
                                            NIELS W. FRENZEN
                                            JEAN REISZ
                                            USC GOULD SCHOOL OF LAW,
                                            IMMIGRATION CLINIC
                                            699 Exposition Blvd
                                            Los Angeles, CA 90089-0071
                                            (213)740-8933; nfrenzen@law.usc.edu

                                            Attorneys for Petitioners

# CERTIFICATE OF COUNSEL

Pursuant to Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure, L.R. 7-19.1, and L.R. 65-1, I hereby certify that on December 15, 2025 at approximately 10:00 PM, my co-counsel, Niels Frenzen, emailed Daniel Beck, AUSA, Chief, Complex and Defensive Litigation Section, U.S. Attorney's Office, Central District of California, and proposed a draft stipulation in response to the Court's December 15th Minute Order [Dkt. 7]. Mr. Frenzen followed up by email with SAUSA Whitney Wakefield on December 17th after Ms. Wakefield entered her appearance in the case and exchanged several emails about the proposed stipulation and about Petitioners' request for information pertaining to Petitioner Pena Camacho, including his location of detention. Ms. Wakefield stated that the government "intend[ed] to proceed with filing an opposition according to the judge's schedule." Mr. Frenzen informed SAUSA Wakefield on December 17, 2025 at 11:30 AM that Petitioners were considering seeking ex parte relief and then again at 4:05 PM that Petitioners were filing a status report and ex parte application for

///

///

///

///

///

TRO in regard to Petitioner Pena Camacho seeking his location, medical condition, and release or a bond hearing.

Dated: December 17, 2025

Respectfully submitted,

s/ Jean Reisz
NIELS W. FRENZEN
JEAN REISZ
USC GOULD SCHOOL OF LAW,
IMMIGRATION CLINIC
699 Exposition Blvd
Los Angeles, CA 90089-0071
Telephone: (213)740-8933
Email: nfrenzen@law.usc.edu

Attorneys for Petitioners